In the ESTATE OF Fannie ADERS.

Dennis E. McINTOSH, Respondent,

v.

C. H. COZEAN, Administrator.

No. 44602.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 18, 1982.

William G. Reeves, Farmington, for appellant.

Dennis E. McIntosh, Farmington, for respondent.

CLEMENS, Senior Judge.

The probate division of the circuit court allowed plaintiff's $681.50 claim for legal services rendered the estate of Fannie Aders, an incompetent. The estate appeals.

Plaintiff-attorney had filed suit in the circuit court on behalf of the ward's administrator and her heirs. Its purpose was to set aside a deed executed by Fannie Aders to her sister, Clarissa Green. After plaintiff had filed the suit Ms. Green voluntarily conveyed the land to defendant administrator who sold it for $11,000.

In the beginning plaintiff had been consulted by Lloyd Ball, the incompetent's brother. Other siblings of Fannie Aders joined Lloyd Ball in his aim to file suit in the circuit court to set aside the deed from Fannie Aders to her sister Clarissa Green. Lloyd Ball had initially paid plaintiff a $500 retainer fee and plaintiff credited this on his $1,181.50 charge for services.

The key to plaintiff's probate claim lies in the defendant estate's express consent for plaintiff to file the suit to set aside the incompetent's deed. This was by letter to

plaintiff from the administrator's counsel, set out in the margin.[1]

Here, defendant challenges allowance of plaintiff's claim "without any agreement on the part of the estate to pay for such services".

The principle of quantum meruit refutes defendant's contention. In *Upshaw v. Latham*, 486 S.W.2d 656[1, 2] (Mo.App.1972) we held: "the law presumes an intention on the part of the person rendering valuable services at another's request to charge therefor, and implies a promise to pay the reasonable value thereof on the part of the person receiving such services, which may be recovered on quantum meruit." This was followed in *Hayden v. First Community State Bank, Etc.*, 575 S.W.2d 880 [5–7] (Mo.App.1978).

Defendant expressly authorized plaintiff to sue to set aside the incompetent's deed to her sister. He did so. The trial court properly allowed plaintiff a fee; the amount thereof is not challenged. Plaintiff was entitled to the judgment rendered.

Affirmed.

REINHARD, P. J., and SNYDER and CRIST, JJ., concur.

---

1. "This letter shall constitute authorization on behalf of C. H. Cozean, Public Administrator, to permit you file and prosecute an action in his name to set aside the deed from Fannie Aders conveying her real estate located at 321 West First Street, Farmington, into joint tenancy with Clarissa Darlene Green. It is understood that the purpose of said action shall be to re-establish title in the real estate in the sole name of Fannie Aders."